UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) ) v. ) ) MIGUEL ALMENAS, ) ) Defendant. ) ) | Criminal No. 05-40017-FDS |

# MEMORANDUM AND ORDER ON
# DEFENDANT'S MOTION TO REDUCE SENTENCE

**SAYLOR, J.**

Defendant Miguel Almenas pleaded guilty in March 2006 to distribution of cocaine base and aiding and abetting and was sentenced to a term of imprisonment. He now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of amendments to the United States Sentencing Guidelines concerning crack-cocaine offenses. For the reasons stated below, the motion will be denied.

**I.     Background**

On March 31, 2006, Almenas pleaded guilty to a three-count indictment charging him with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2.

On October 12, 2006, this Court conducted a sentencing hearing. The Court first determined that based on a total drug weight of 136.4 grams, the base offense level was 32, and defendant was facing a 10-year mandatory minimum for a drug weight of more than 50 grams. *See* 21 U.S.C. 841(b)(1)(A). *See* Sent. Tr. 5. The Court then found that the career-offender

guidelines applied to defendant, as he was over 18 at the time of the offense, the offense involved a controlled substance, and he had two prior convictions for a crime of violence or controlled substance offense. *Id.* As a career offender, his base offense level was 37. He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 34. *Id.* at 6. With a Criminal History Category of VI because of his career offender status, his guideline sentencing range was 262 to 327 months. *Id.* The Court found that his criminal history category overstated the seriousness of his criminal history and reduced it one level to a Criminal History Category V, which produced a low-end guideline range of 235 months. *Id.* at 18-20. The Court also determined that his physical and mental disabilities warranted a further departure. It then sentenced him to 192 months. *Id.* at 23-24.

On December 5, 2011, Almenas filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 to the sentencing guidelines, which reduced the penalties for crack cocaine.

**II.     Analysis**

As noted, defendant was sentenced under the career-offender guideline, U.S.S.G. § 4B1.1, and not the crack cocaine guideline, U.S.S.G. § 2D1.1. In accordance with the career-offender guideline, the Court calculated the offense level based on the statutory maximum sentence. *See* U.S.S.G. § 4B1.1(b). The resulting level was 37, which was reduced to 34 for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a)-(b).

A court may reduce a sentence based on a guideline range after the applicable range "has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements of the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The guideline manual provides

"applicable policy statements" for sentence reduction, including a list of amendments to the guidelines to be given retroactive effect. U.S.S.G. § 1B1.10(c). However, that list of retroactive amendments is exclusive—that is, a court may not adjust sentences that result from guidelines other than those revised by the amendments listed in Section 1B1.10(c). *Id.* § 1B1.10(b) ("the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.").

Amendment 706, which took effect as a temporary, emergency measure on November 1, 2007, mitigated the disparity between powder and crack cocaine sentencing by reducing the base offense level assigned to each threshold quantity of crack cocaine on the Drug Quantity Table in Section 2D1.1 of the guidelines and by giving the revisions retroactive effect. The temporary revisions in the sentencing guidelines were re-promulgated without change by Amendment 750, which took effect on November 1, 2011, and which implemented the Fair Sentencing Act of 2010. Although it is included in the list of retroactive guideline revisions under Section 1B1.10(c), those amendments do not support a reduction in defendant's sentence under 18 U.S.C. § 3582(c)(2), because they do not alter the career offender guidelines. Amendment 750 concerns the drug quantity table for crack-cocaine offenses in Section 2D1.1. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011). It therefore has no bearing on the sentences of career offenders who were sentenced pursuant to Section 4B1.1. *Id.* (explaining that career-offender sentences under Section 3B1.1 "are unaffected by a reduction in the Drug Quantity Table" in Section 2D1.1). Moreover, the Guidelines Manual expresses a policy disfavoring reductions based on guideline amendments when, as here, the defendant has already benefitted from a downward departure

from the guideline range in effect at the time of sentencing.  U.S.S.G. § 1B1.10(b)(2)(B) ("[I]f the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.").  Thus, neither Amendment 706 nor Amendment 750 authorize this Court to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) because the amendments are inapplicable.  Furthermore, the Court cannot reduce the sentence unless authorized by § 3582.

In short, the motion to reduce sentence will be denied, as this Court is without authority to reduce a sentence retroactively that was based on the career-offender guideline, rather than the crack cocaine guideline.

### III.   Conclusion

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  January 18, 2013