UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. |
| MIGUEL ALMENAS, | ) ) | 05-40017-FDS |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**SAYLOR, J.**

Petitioner Miguel Almenas pleaded guilty in March 2006 to distribution of cocaine base and aiding and abetting. After pleading guilty, he was sentenced to a term of imprisonment. He now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, contending that he was unlawfully subjected to career offender status. For the reasons stated below, the motion will be denied.

**I.   Background**

On March 31, 2006, Almenas pleaded guilty to a three-count indictment charging him with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2. At a sentencing hearing on October 12, 2006, the Court found that the career-offender guidelines applied to defendant, as he was over 18 at the time of the offense, the offense involved a controlled substance, and he had two prior felony convictions of either a crime of violence or a controlled substance offense. *See*, U.S.S.G. § 4B1.1(a). Those prior convictions include resisting arrest, which the Court found to be a crime of violence. (Sent. Tr.

5).  The Court sentenced him, as a career offender, to 192 months in prison.  (*Id.* at 23-24).

Almenas appealed his sentence, contending that his prior conviction for resisting arrest was incorrectly categorized as a crime of violence, and thus was not a predicate offense for the purposes of career offender status.  On January 12, 2009, the First Circuit affirmed his sentence. *United States v. Almenas*, 553 F.3d 27 (1st Cir. 2009).  On May 18, 2009, the Supreme Court denied his petition for a writ of certiorari.  *United States v. Almenas,* 556 U.S. 1251 (2009).

On November 18, 2013, Almenas moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He contends that the Court erred in classifying his prior conviction for resisting arrest as a crime of violence in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), decided after his sentencing hearing.  In *Descamps*, the Supreme Court held that when a defendant is convicted under a divisible statute that creates several different versions of a crime, and one version of the crime may qualify as a crime of violence but another version may not, courts should use a "modified categorical approach" in determining whether a past conviction is a crime of violence within the meaning of the Armed Career Criminal Act.  18 U.S.C. § 924(e)(2)(B); *Descamps*, 133 S. Ct. at 2281. Under that approach, a sentencing court must determine, based on extra-statutory materials (for example, indictment, plea colloquy, jury instructions), whether the defendant's particular conviction meets the definition of "crime of violence" under the Guidelines.  *Id.*

## II.     Analysis

A court may grant post-conviction relief under 28 U.S.C. § 2255 on the grounds that the sentence (1) was imposed in violation of the Constitution or laws of the United States, (2) was imposed by a court that lacked jurisdiction, (3) was in excess of the statutory maximum, or (4)

was otherwise subject to collateral attack.  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  Petitioner's claim here is not based on a constitutional or jurisdictional defect and his sentence was not in excess of the statutory maximum; the claim thus must be analyzed under the fourth category.

### A.     The Limitations Period and the Savings Clause of 28 U.S.C. § 2255

Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on November 18, 2013, more than four years after the Supreme Court denied his petition for a writ of certiorari.  The government contends that the motion was untimely and therefore must be dismissed.

Congress has established a one-year limitation period governing motions for relief under § 2255.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of one of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Although the statute itself does not define when a conviction becomes final under § 2255(f)(1), "every circuit that has addressed the issue has concluded that a conviction becomes final—and the one-year period therefore starts to run—when a petition for certiorari is denied." *In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006).  Here, the Supreme Court denied the petition for a

writ of certiorari on May 18, 2009.  The one-year limitation period for a § 2255 petition thus expired on May 18, 2010.

Petitioner does not contend that his petition is timely under any of the other three events listed in § 2255(f).  Instead, he contends that he is entitled to file a traditional § 2241 habeas petition under the savings clause of § 2255(e), given his inability to file a timely § 2255 petition.  He contends that the Supreme Court's decision in *Descamps* established an approach under which his prior conviction of resisting arrest may not have been classified as a "crime of violence," and he thus may not have been subjected to career offender status in accordance with the Federal Sentencing Guidelines.  U.S.S.G. § 4B1.2(a)(2).  Because he was unable to raise such a challenge to his sentence before *Descamps*, he contends that the one-year limitations period should have run from June 20, 2013, the date of that decision, under § 2255(f)(3).

The savings clause applies when the remedy under § 2255 is "inadequate or ineffective to test the legality of the [petitioner's] detention."  28 U.S.C. § 2255(e).  A remedy under § 2255 "is not 'inadequate or ineffective' merely because a prisoner's petition is procedurally barred under that statute."  *United States v. Barrett,* 178 F.3d 34, 49-50 (1st Cir. 1999).  Thus, post-conviction relief is "inadequate or ineffective" only when "the configuration of section 2255 is such 'as to deny a convicted defendant *any* opportunity for judicial rectification,'" or when compliance with the procedure of § 2255 would result in a "complete miscarriage of justice." *Trenkler v. United States*, 536 F.3d 83, 99 (1st Cir. 2008) (quoting *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997)).[1]  The Seventh

---

[1] In *McCleskey v. Zant,* 499 U.S. 467, 494 (1991), the Supreme Court defined the phrase "miscarriage of justice" as encompassing situations where a constitutional violation may have caused the "conviction of one innocent of the crime."

and Eighth Circuits have held that errors of guideline interpretation do not constitute a "complete miscarriage of justice" under § 2255 unless the error is a "fundamental defect." *Hawkins v. United States*, 706 F.3d 820, 823-24 (7th Cir. 2013) *opinion supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013)*; Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011) (*en banc*)*; Damon v. United States*, 732 F.3d 1, 3-4 (1st Cir. 2013) (noting *Sun Bear* and *Hawkins*).

The First Circuit has not articulated the full scope of circumstances under which the saving clause could apply. However, it has recognized that the savings clause is most often used in situations where a retroactive Supreme Court decision as to the meaning of a criminal statute would mean that a prisoner was not guilty of the crime of which he was convicted. *See, e.g., Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000); *Barrett*, 178 F.3d at 51. Thus, most courts require a "credible allegation of actual innocence" that the petitioner could not have effectively raised at an earlier time in order to take advantage of the savings clause. *See, e.g., Trenkler*, 536 F.3d at 99; *Barrett*, 178 F.3d at 51; *Santana v. Laboy*, 201 F.3d 528 (1st Cir. 1999) ("[T]here is no miscarriage of justice in holding [petitioner] to the procedural default since the claimed error does not relate to guilt or innocence."); *Goldman v. Winn*, 565 F. Supp. 2d 200, 213 (D. Mass. 2008); *Calvache v. Benov*, 183 F. Supp. 2d 124, 127 (D. Mass. 2001) (citing *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (holding that the saving clause applies when an intervening statutory change makes the defendant's conduct no longer criminal)).

Petitioner does not contend that in light of *Descamps* he may be innocent of the crime for which he was convicted. His contention, instead, is that *Descamps* provides the court with new rules of guideline interpretation that, if applied, could have affected his guideline calculation,

5

and thus resulted in a different sentence. The First Circuit has not addressed the question of whether the savings clause applies in such a situation. However, even if the savings clause applies to petitioner's situation, "procedurally defaulted claims falling within the savings clause of § 2255" must meet a "cause and prejudice" standard. *Sustache-Rivera*, 221 F.3d at 17. Under that standard, the petitioner must show (1) cause for failing to make his claim earlier and (2) that he suffered actual prejudice from the errors of which he complains. *United States v. Frady,* 456 U.S. 152, 168 (1982).

For present purposes, the Court will assume that petitioner can show cause. However, for the reasons set forth below, he is unable to show that he suffered actual prejudice from the Court's failure to utilize the "modified categorical approach" articulated in *Descamps*. Even assuming that *Descamps* applies retroactively to cases on collateral review, the application of a modified categorical approach would have still subjected petitioner to career-offender status.

### B.     **Application of *Descamps***

Petitioner contends that he suffered prejudice due to the Court's failure to examine extra-statutory documents under the modified categorical approach in order to determine whether his resisting arrest conviction met the definition of a "crime of violence" under the Guidelines. He contends that the Massachusetts resisting-arrest statute contains two alternative versions of the crime, and that the second version "does not explicitly involve the use, attempted use, or threatened use of physical force." (*Id.*).[2] He contends that the Court should therefore vacate his

---

[2] "A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another." Mass. Gen. Laws ch. 268 § 32B(a).

sentence.

The modified categorical approach is unnecessary here, and failing to apply the approach did not prejudice petitioner. As the Supreme Court stated, the approach is only a tool for determining which version of a crime covers a defendant's conviction when one version may not qualify as a predicate crime of violence under U.S.S.G. § 4B.1. *Descamps*, 133 S. Ct. at 2285. The approach is still an examination of the legal definition of the crime, rather than of the defendant's particular conduct in committing the offense. *Id.* According to U.S.S.G. § 4B1.2(a), the term "crime of violence" means any offense punishable by a term of more than one year that either (1) "has as an element the use, attempted use, or threatened use of physical force against another" or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another."[3] The first prong of the resisting-arrest statute squarely fits within § 4B1.2(a)(1).

At issue here is the second prong, which does not explicitly involve physical force, but involves using means that create a "substantial risk of causing bodily injury" to the officer or another. Mass. Gen. Laws ch. 268 § 32B(a)(2). Applying the test delineated in *Begay v. United States*, 128 S. Ct. 1581 (2008), the First Circuit held that the second prong of the resisting-arrest statute fits within the residual clause of § 4B1.2(a)(2). *Almenas*, 553 F.3d at 34. Therefore, while his prior conviction for resisting arrest under Mass. Gen. Laws ch. 268 § 32B is a divisible statute containing two alternative versions of the crime, both versions qualify as predicate crimes of violence. Therefore, the Court need not reconsider its ruling, as it correctly concluded that defendant was a career offender.

---

[3] The Armed Career Criminal Act provides the same definition for a "violent felony." 18 U.S.C. § 924(e)(2)(B).

### III. Conclusion

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: October 8, 2014